IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

PROVIDED TO DESOTO C.I.
1-27-19 FOR MAILING
INMATE INITIALS [signature]
OFFICER INITIALS [signature]

JOHNNY GAFFNEY,
    Plaintiff,

vs.                           CASE NO: 4:18-CV-00506-RH-CAS

CHRISTOPHER EDELEN, Warden
of Taylor Correctional Institution,
in his individual and official capacity,
FRAN WOOD, Assistant Warden of Taylor
Correctional Institution, in her individual
and official capacity, CAPTAIN HILL, Officer
in Charge, Taylor Correctional Institution,
in her individual and official capacity,
SERGEANT HARMAN, Security of Taylor
Correctional Institution, in his individual
and official capacity, SERGEANT GRUBBS,
Security of Taylor Correctional Institution, in
his individual and official capacity, JULIE
L. JONES, Secretary of the Florida
Department of Corrections, in her
official capacity,
    Defendants.
                           /

AMENDED
CIVIL RIGHTS COMPLAINT
PURSUANT TO 42 U.S.C §1983

Plaintiff, Johnny Gaffney (hereinafter "Plaintiff" or "Gaffney"), pro se, files this Amended Civil Rights Complaint, pursuant to 42 U.S.C §1983, against Christopher Edelen, Warden of Taylor Correctional Institution (hereinafter "Warden Edelen"); Fran Wood,

Assistant Warden of Programs of Taylor Correctional Institution (hereinafter "Asst. Warden Wood"); Captain Hill, Officer in Charge, Taylor Correctional Institution (hereinafter "Capt. Hill"); Sergeant Harmon, inside security of Taylor Correctional Institution (hereinafter "Sgt. Harmon"); Sergeant Grubbs, inside security of Taylor Correctional Institution (hereinafter "Sgt. Grubbs"), against each and all in their individual and official capacities; and July L. Jones, Secretary of the Florida Department of Corrections (hereinafter "Secretary Jones"), and alleges:

## INTRODUCTION

1. This is an action for compensatory and punitive damages alleging that the Defendants, contrary to the Eighth and Fourteenth Amendments to the United States Constitution, knowingly and willfully exercised deliberate indifference to the recognized rights of Plaintiff while he was incarcerated at Taylor Correctional Institution (hereinafter "T.C.I.") beginning July 16, 2018; and Desoto Correctional Institution (hereinafter "D.C.I.") beginning August 21, 2018.

## JURISDICTION

2. Jurisdiction is invoked pursuant to 28 U.S.C. §1331, in that this is a civil action arising under the Constitution and Laws of the United States.

3. Jurisdiction is also invoked pursuant 28 U.S.C. §1343(A)(3), in that this action seeks redress of a deprivation, under color of state law, of rights secured to Plaintiff by the Eighth and Fourteenth Amendments to the United States Constitution.

4. Plaintiff's claims for relief are predicated on 42 U.S.C. §1983 which authorizes actions to redress the deprivation under color of state law, privileges and immunities secured to Plaintiff by the Constitution and Laws of the United States and by 42 U.S.C. §1988 which authorizes the award of attorneys fees and costs to prevailing plaintiffs in actions brought pursuant to 42 U.S.C. §1983.

5. Plaintiff has fully exhausted his administrative remedies

## PARTIES

6. Plaintiff at all times material to this action was a resident of Taylor County, Florida, incarcerated at T.C.I. and Desoto County, Florida, incarcerated at D.C.I. Due to an aggravated battery Plaintiff was the victim of because of the actions/inactions of the Defendants, Plaintiff was transferred to D.C.I., 13617 S.E. Highway 70 Arcadia, Florida, 34266, where Plaintiff is presently housed.

7. The Defendants are as follows:

A. Defendant's name: Christopher Edelen
   Official Position: Warden
   Employed at: T.C.I.
   Mailing address: 8501 Hampton Springs Road
                    Perry, Florida 32348

B. Defendant's Name: Fran Wood
   Official Position: Assistant Warden of Programs
   Employed at: T.C.I.
   Mailing address: 8501 Hampton Springs Road
                    Perry, Florida 32348

C. Defendant's name: Captain Hill
   Official Position: Officer in Charge
   Employed at: T.C.I.
   Mailing address: 8501 Hampton Springs Road
                    Perry, Florida 32348

D. Defendant's name: Sergeant Harmon
   Official Position: Inside Security
   Employed at: T.C.I.
   Mailing address: 8501 Hampton Springs Road
                    Perry, Florida 32348

E. Defendant's name: Sergeant Grubbs
   Official Position: Inside security
   Employed at: T.C.I.
   Mailing address: 8501 Hampton Springs Road
                    Perry, Florida 32348

F. Defendant's name: Julie L. Jones
   Official Position: Secretary, Florida Department of Corrections (FDOC)
   Employed at: Central office
   Mailing address: 501 South Calhoun Street
                    Tallahassee, Florida 32399

8. At all times material to this action Defendants were acting under color of state law.

## PREVIOUS LAWSUITS

9. Plaintiff has not initiated other actions in state court dealing with the same or similar facts/issues involved in this action.

10. Plaintiff has not initiated other actions in federal court dealing with the same or similar facts/issues involved in this action

11. Plaintiff has initiated another action in federal court dealing with inadequate medical care in Gaffney v. Corizon Health, Inc., etal, in the United States District Court, Northern District of Florida, Tallahassee, Division, case number 4:15-cv-000349-MW-GRJ, the case was settled.

12. Plaintiff has had no action in federal court dismissed as frivolous, malicious, failing to state a claim or prior to service.

4

## STATEMENT OF FACTS

13. In this complaint Plaintiff will allege how each Defendant denied Plaintiff protection from other inmates, that resulted in an aggravated battery, when requested by Plaintiff and being transferred to a more violent institution that subjected Plaintiff to extortion. Plaintiff will show both objective and subjective components of deliberate indifference.

14. Plaintiff will allege that Warden Edelen and Asst. Warden Wood, through their custom and policy, shirked their duties in discipling the other Defendants that refused Plaintiff protection.

15. Plaintiff will show that his objectively serious threat against his life and/or safety posed a substantial risk by other inmates and that Defendants' respose to the need of protection was ignored which constituted an unnecessary and wanton infliction of pain.

16. Plaintiff will allege how Capt. Hill, Sgt. Harmon and Sgt. Grubbs had personally participated in refusing Plaintiff protection that resulted in the aggravated battery.

17. Plaintiff will allege that Secretary Jones through her custom and policy transferred Plaintiff to a much worse institution as reprisal for giving grievances against the above mentioned Defendants for their refusing to provide Plaintiff protection further placing Plaintiff's life at jeopardy

18. Plaintiff's life and/or safety is/was one that was so obvious that even a lay person could easily recognize the need for protection due to the violent nature of the particular institutions Plaintiff was housed.

19. This is especially true when two (2) weeks prior to the incident of the Plaintiff, there was a riot between two (2) gangs at T.C.I. Annex where two (2) inmates were life flight to save their lives.

20. Plaintiff will show Defendants' subjective knowledge of Plaintiff having to suffer with pain and disfigurement and Defendants' disregard of that risk, and that their conduct was more than mere negligent.

21. Defendants' Conduct toward Plaintiff includes: (a) grossly inadequate protective care for Plaintiff's safety; (b) a decision to ignore Plaintiff's plea for protection; (c) Defendants'

care was so cursory as to allow Plaintiff to be subjected to an aggravated battery; and, (d) the failure of the supervisors to discipline the subordinates that denied Plaintiff protection; and, (e) Secretary Jones' use of retalitory measures against Plaintiff.

22. On July 16, 2018, at approximately 2:30 p.m., when Delta-2 dormitory was released for canteen, Plaintiff approached Sgt. Harmon in front of the Captain's office seeking protection from gang members wishing to extort money from Plaintiff.

23. Sgt. Harmon asked what Plaintiff wanted which Plaintiff stated that he wanted to speak with Sgt. Harmon and Sgt. Harmon told Plaintiff that he did not want to talk to Plaintiff.

24. Plaintiff explained that he needed protection from gang members that was extorting money from him, which Sgt. Harmon stated: "Sorry about your luck, but either go to the canteen or go back to the dorm."

25. Plaintiff explained that he could not go back to the dorm, in which Sgt. Harmon told Plaintiff there was no room in confinement to place Plaintiff.

26. This was a blatant lie as the bunk Plaintiff was assigned to in confinement came open due to the inmate previously assigned to that bunk being released from incarceration early that morning, approximately 8½ hours prior to the incident involving Plaintiff.

27. Plaintiff asked about room at T.C.I. Annex and Sgt. Harmon stated there was no room at the Annex either.

28. Plaintiff knew this was another blatant lie because while Plaintiff was housed at T.C.I. Annex, Oscar dormitory, he witnessed EVERY Monday morning 10 to 25 inmates being transferred from the confinement unit.

29. Therefore, July 16, 2018, being a Monday, there were several cells/bunks open that Plaintiff could have been housed in order to avoid the aggravated battery.

30. Sgt. Grubbs, sitting inside the captain's office, asked Sgt. Harmon who he was talking to.

31. When Sgt. Harmon told Sgt. Grubbs that it was Plaintiff, Sgt. Grubbs stated: "The child molester, he deserves everything he gets."

32. This shows that Sgt. Grubbs would refuse Plaintiff protection due to Plaintiff's criminal offense demonstrating deliberate indifference toward Plaintiff's safety.

33. Even when Plaintiff continued to explain that he could not go back to the dorm Sgt. Harmon told Plaintiff to either go to the dorm or to the canteen.

6

34. Seeing Plaintiff wondering around the compound then go toward the center gate, Sgt. Harmon instructed the center gate officer to send Plaintiff back to him.

35. When Plaintiff reported back to Sgt. Harmon, he was instructed to return to his dorm or go to the canteen and pay them people.

36. At this time, Plaintiff was taken inside the captain's office to speak with Capt. Hill

37. She asked who the gang members were and what gang they were members of.

38. Plaintiff expressed that he did not know the gang members or who they were members of.

39. Capt. Hill stated that they have a policy that since Plaintiff could not give her that information, she would not provide protection.

40. After researching the rules and regulations of FDOC, Plaintiff found no such policy, therefore, there was a custom of T.C.I. to refuse protection of inmates from other inmates.

41. While standing inside the captain's office, Plaintiff was leaning on the wall and on his cane due to his lower back condition, Sgt. Grubbs came back inside and kicked Plaintiff's cane from under him hoping that Plaintiff would fall and injure himself.

42. Plaintiff started to feel like he was about to be jumped on by the officials instead of inmates, as is a custom at T.C.I.

43. Plaintiff did as instructed and went to his dorm because he was not going to succomb to the extortion.

44. Approximately 5:30p.m, when Delta-2 was released for the evening meal, Plaintiff left the dorm and someone came up behind Plaintiff and cut him in several places on his right ear and neck.

45. Because of the aggravated battery, Capt. Hill, being the officer-in-charge, was called and when she saw Plaintiff, she knew then for sure that Plaintiff had not lied to her.

46. Plaintiff was taken to the medical department where the doctor stitched the wounds that Plaintiff suffered.

47. Another captain on duty took photographs of Plaintiff's wounds for the Inspector General's office.

48. Since Plaintiff could not be placed back into open population, he was placed in the confinement cell of the inmate that went home that morning.

49. On July 18, 2018, Plaintiff filed an informal grievance with the assistant warden concerning the denial of protection and requested that the officials to be disciplined for denying Plaintiff protection.

7

50. On July 18, 2018, Inspector Davis from the Inspector General's office conducted a taped interview with Plaintiff concerning the aggravated battery.

51. Through the conversation before the taped interview, Plaintiff spoke of the denial of protection and Inspector Davis stated that he knew of the officials denying Plaintiff protection that led to the aggravated battery.

52. During the taped interview, Plaintiff informed the Inspector General's office, through Inspector Davis, of the officials' denial of protection.

53. Inspector Davis had the photographs taken of Plaintiff's injuries with him at the interview.

54. Plaintiff requested that the Inspector General's office not destroy the photographs as they will be used as evidence for this proceeding if the case proceeds to jury trial, and was assured they would not be destroyed.

55. On July 20, 2018, Plaintiff's informal grievance was forwarded to the Inspector General's Office for review, without addressing the denial of protection by the three (3) Defendants.

56. On July 24, 2018, Plaintiff filed a letter with the Florida Department of Law Enforcement questioning the officials' certification as being incompetent.

57. Plaintiff has heard nothing concerning this letter.

58. On July 27, 2018, Plaintiff filed a formal grievance with Warden Edelen concerning the denial of protection.

59. Plaintiff explained that the day he filed the informal grievance he was interviewed by Inspector Davis from the Inspector General's office and that the response he received from the informal grievance was inappropriate because it failed to properly address the issue of the unbecoming behavior of the Defendants herein.

60. Even though it may have been appropriate for the Inspector General's office to conduct an investigation, however, when Inspector Davis had told Plaintiff the day of the interview that he knew that Plaintiff had been denied protection, the Inspector General's office was on notice at that time, the institution shirked it responsibility of taking corrective measures of its staff allowing the incident to take place.

61. The warden and/or his designated assistant warden of the institution are responsible for the actions of their subordinates and the discipline thereof, when he/she is aware of a policy and custom for denying inmates protection when there is a widespread

abuse of such at that institution and where there is no such policy.

62. On August 3, 2018, Asst. Warden Wood responded and stated that the proper measures were taken and the response given in the informal grievance was adequate and denied the formal grievance.

63. There was a causal connection between the actions of Asst. Warden Wood and Plaintiff's constitutional deprivation as Asst. Warden Wood knew there is no such policy as stated by Capt. Hill.

64. This causal connection is shown by Capt. Hill's statement to Plaintiff: "We have a policy that if you cannot tell us the names of the gang or gang members we will not provide you with protection."

65. This shows a history of widespread abuse that should place Asst. Warden Wood on notice and she failed to correct this deprivation that caused the Plaintiff to become the victim of an aggravated battery.

66. This is especially true when Asst. Warden Wood is a member of the Institutional Classification Team (I.C.T.) and goes to the confinement unit every week to interview inmates under protective custody.

67. Therefore, with her responsibility as a member of the I.C.T., she has been placed on notice of the widespread abuse by her subordinates and she shirked her resposibity in correcting this deprivation thereby, allowing the Plaintiff to become the victim of an aggravated battery.

68. There is a causal connection between the actions of Warden Edelen and Plaintiff's constitutional deprivation that caused Plaintiff's injuries.

69. Warden Edelen's knowledge of this policy and custom of his subordinates under his control, as the Plaintiff is not the only inmate that has had this same problem, allowed for Plaintiff to become the victim of an aggravated battery.

70. Warden Edelen violated his responsibility by failing to provide Plaintiff protective care through an invalid policy and custom and to ensure that these subordinates are familar with ALL rules and regulations of FDOC for inmate protection, and when misunderstood, correct the deficiency.

71. Due to the actions/inactions of the Defendants thus far, Plaintiff was subjected to an aggravated battery that could have been avoided.

9

72. On August 13, 2018, Plaintiff was transferred from T.C.I. due to the aggravated battery hoping that he would be transferred to Union Correctional Institution. (U.C.I.)

73. U.C.I. is an elderly institution and Plaintiff fits the criteria for that institution (60 years old) and was one of the institutions requested on Plaintiff's Goal Adjustment Transfer request, and close to his place of conviction and his family.

74. Since Plaintiff had violated no rule of FDOC, he assumed he would be transferred to one of the three (3) requested institutions, he had requested.

75. However, on August 21, 2018, Plaintiff was transferred to Desoto Correctional Institution (D.C.I.) Annex, where it is known throughout FDOC to be a very violent institution.

76. Plaintiff spent the Labor Day weekend in the outside hospital due to intestinal bleeding and on September 4, 2018, Plaintiff was released to open population.

77. Since September 4, 2018, after being released back to open population, Plaintiff has been subjected to extortion by a gang member and threatened that if he did not pay he would be seriously hurt if not killed.

78. Because of the situation involving T.C.I., Plaintiff was afraid that prison staff at D.C.I. would also deny protection so Plaintiff began paying the extortion money.

79. This gang member deleted Plaintiff's funds from his prison account and after the funds were depleted, the gang member attempted to force Plaintiff to ask others for money that Plaintiff could not pay back or the gang member "would make an example of Plaintiff before the entire dorm."

80. Plaintiff has been forced to seek protection by prison officials from the gang member in order to possibly save his life, on January 6, 2019.

81. Plaintiff was told by Captain McManus if Plaintiff does not give the gang member's name Secretary Jones would deny Plaintiff protection and place him back into open population to defend himself from this gang member.

82. On January 6, 2019, since Plaintiff would not give the name of the gang member, Capt. McManus filed a disciplinary report against Plaintiff for bartering with others to keep from placing in Confinement under protection.

83. Capt. McManus did this so that when Plaintiff's disciplinary time was finished, Plaintiff would be released back into population to defend himself from the gang member.

10

84. Secretary Jones transferred Plaintiff to D.C.I. Annex as reprisal for Plaintiff utilizing the grievance procedure against prison staff for their refusal to provide protection to Plaintiff when he is in fear for his life.

85. Plaintiff explained that if he gives the name of the gang member, this gang member has the capability of finding where Plaintiff goes and contact gang members of the next institution and extortion will be the least of Plaintiff's worries.

86. Secretary Jones' actions were conducted through deliberate indifference toward Plaintiff's safety and well being as well as his life subjecting Plaintiff to cruel and unusual punishment, acting under color of state law.

87. Plaintiff has witnessed more vidence at D.C.I. in the five (5) months he has been housed at D.C.I. than the entire six (6) years he was housed at T.C.I.

88. Secretary Jones' conduct constitutes the unnecessary and wanton infliction of pain in violation of the Eighth and Fourteenth Amendments, acting under color of state law.

## CAUSES OF ACTION

### COUNT I

### 42 U.S.C. §1983 CLAIM AGAINST WARDEN EDELEN

89. Plaintiff hereby incorporates by reference the allegations contained in paragraphs 13 through 88 above, as if set forth in full herein.

90. Claim I is brought against Defendant Warden Edelen, pursuant to 42 U.S.C. §1983 for failing to insure that his subordinates were familiar with ALL rules and regulations of FDOC and T.C.I. concerning the protection of inmates under his supervision pursuant to Chapter 33-208.002(1) Florida Administrative Code (F.A.C.).

91. Warden Edelen's causal connection has been established when his custom and policy resulted in deliberate indifference to Plaintiff's constitutional rights.

92. Warden Edelen knew that the deprivation would result from a policy and custom of his subordinates that is so pervasive as to be the functional equivalent to policy adopted by himself.

93. Warden Edelen knew that his subordinates would act unlawfully and failed to stop them from doing so.

94. Warden Edelen's failure to correct his subordinates' deficiency subjected Plaintiff to great pain and injuries.

95. Warden Edelen's deliberate indifference toward Plaintiff's safety constitutes the unnecessary and wanton infliction of pain subjecting Plaintiff to cruel and unusual punishment in violation of the Eighth and Fourteenth Amendments.

## COUNT II

### 42 U.S.C. §1983 CLAIM AGAINST ASST. WARDEN WOOD

96. Plaintiff hereby incorporates by reference the allegations contained in paragraphs 13 through 88 above, as if set forth in full herein.

97. Count II is brought against Asst. Warden Wood pursuant to 42 U.S.C. §1983 for failing to take corrective measures of her subordinates for failing to provide Plaintiff protection when Plaintiff made it known to the subordinates that his life and safety were in danger.

98. Asst. Warden Wood's causal connection has been established by her being the senior member of the I.C.T. and her knowledge of history of widespread abuse of T.C.I.'s officias and the need to correct the alleged deprivation and failing to do so resulted in Plaintiff becoming the victim of an aggravated battery.

99. Asst. Warden Wood's, being the designated person for the Warden, deprivation resulted from a policy and custom that is so pervasive as to be the functional equivalent to policy adopted by her.

100. Asst. Warden Wood knew that her subordinates would act unlawfully and failed to stop them from doing so.

101. Asst. Warden Wood's failure to correct her subordinates deficiency subjected Plaintiff to great pain and injuries.

102. Asst. Warden Wood's deliberate indifference toward Plaintiff's safety constitutes the unnecessary and wanton infliction of pain subjecting Plaintiff to cruel and unusual punishment in violation of the Eighth and Fourteenth Amendments.

CLAIM III

42 U.S.C. §1983 CLAIM AGAINST CAPT. HILL

103. Plaintiff hereby incorporates by reference the allegations contained in paragraphs 13 through 88 above, as if set forth in full herein.

104. Count III is brought against Defendant Capt. Hill pursuant to 42 U.S.C. §1983 for failing to provide Plaintiff protection from other inmates when Plaintiff brought this to her attention.

105. Capt. Hill failed in her responsibility in the supervisory and protective care of Plaintiff. Florida Statutes (Fla. Stat.) §945.025(1)(2017).

106. Capt. Hill willfully treated Plaintiff in a cruel and inhuman manner by failing to provide Plaintiff protection that resulted in Plaintiff becoming the victim of an aggravated battery. Chapter 33-208.002(8) F.A.C.

107. Capt. Hill knew of and disregarded the excessive risk to Plaintiff's safety; she was both aware of facts from which the inference could be drawn that a substantial risk of serious harm existed and the failure to draw the inference.

108. Capt. Hill's deliberate indifference toward Plaintiff's safety subjected Plaintiff to cruel and unusual punishment violating the Eighth and Fourteenth Amendments.

COUNT IV

42 U.S.C. §1983 CLAIM AGAINST SGT. HARMON

109. Plaintiff hereby incorporates by reference the allegations contained in paragraph 13 through 88 above, as if set forth in full herein.

110. Count IV is brought against Defendant Sgt. Harmon pursuant to 42 U.S.C. §1983 for his refusal to provide Plaintiff protection from other inmates when Plaintiff brought to Sgt. Harmon's attention of the threats of harm to Plaintiff.

111. Sgt. Harmon violated his responsibility in the supervisory and protective care of Plaintiff and allowed him to be injured at the hands of another inmate. Fla. Stat. §945.025(1).

112. Sgt. Harmon willfully treated Plaintiff in a cruel and inhuman manner by refusing to provide Plaintiff protection that resulted in Plaintiff being the victim of an aggravated battery. Chapter 33-208.002(8) F.A.C.

113. Sgt. Harmon knew of and disregarded the excessive risk to Plaintiff's safety; Sgt. Harmon was both aware of facts which the inference could be drawn that a substantial risk of serious harm existed and failed to act on that inference.

114. Sgt. Harmon blatantly lied, not once but twice, to Plaintiff concerning there being no room in the confinement units at T.C.I., when after the aggravated battery, Plaintiff was housed in a confinement cell that became available approximately 8½ hours prior to the incident, at the Main Unit.

115. Sgt. Harmon's deliberate indifference toward Plaintiff's safety, subjected Plaintiff to cruel and unusual punishment in violation of the Eighth and Fourteenth Amendments.

## COUNT II

### 42 U.S.C. §1983 CLAIM AGAINST SGT. GRUBBS

116. Plaintiff hereby incorporates by reference the allegations contained in paragraphs 13 through 88 above, as if set forth in full herein.

117. Count II is brought against Defendant Sgt. Grubbs pursuant to 42 U.S.C. §1983 for his refusal to provide Plaintiff protection from other inmates when Plaintiff brought to Sgt. Grubbs' attention of the threats of harm to Plaintiff.

118. Sgt. Grubbs violated his responsibility in the supervisory and protective care of Plaintiff. Fla. Stat. §945.025(1). (2017).

119. Sgt. Grubbs willfully treated Plaintiff in a cruel and inhuman manner by refusing to provide Plaintiff protection that resulted in Plaintiff being the victim of an aggravated battery. Chapter 33-208.002(8) F.A.C.

120. Sgt. Grubbs willfully used abusive language in dealing with Plaintiff by showing his prejudice toward Plaintiff because of Plaintiff's criminal offense and how Sgt. Grubbs would not provide protection because of the offense. Id.

14

121. Sgt. Grubbs further treated Plaintiff in a cruel and inhuman manner by, while inside the captain's office, Sgt. Grubbs kicked Plaintiff's cane from under him hoping Plaintiff fall and injure himself, having Plaintiff feel lik he was going to be battered by the Defendants. Id.

122. Sgt. Grubbs knew of and disregarded the excessive risk to Plaintiff's safety; he was aware of facts from which the inference could be drawn that a substantial risk of serious harm existed and failed to act on that inference.

123. Sgt. Grubbs deliberate indifference toward Plaintiff's safety subjected Plaintiff to cruel and unusual punishment in violation of the Eighth and Fourteenth Amendments.

## COUNT VI

## 42 U.S.C. §1983 CLAIM AGAINST SECRETARY JONES

124. Plaintiff hereby incorporates by reference the allegations contained in paragraphs 13 through 88 above, as if set forth in full herein.

125. Count VI is brought against Defendant Secretary Jones pursuant to 42 U.S.C. §1983 for her custom and policy of reprisal against Plaintiff due to his utilizing the grievance procedure against prison staff for their failure to provide protection from another inmate.

126. This reprisal was in the form of transfering Plaintiff to a known much worse institution that subjected Plaintiff to extortion and when his money was entirely depleted his life was once again placed in jeopardy.

127. Secretary Jones' deliberate indifferent conduct violated Chapter 33-703's F.A.C. provision that reprisal shall not be exhibit for utilizing the grievance process.

128. Secretary Jones violated her responsibility in the supervisory and protective care of Plaintiff by knowingly transfering Plaintiff to a more violent institution subjecting Plaintiff to extortion and placing his lif in danger.

129. Secretary Jones' deliberate indifference toward Plaintiff's safety constitutes the unnecessary and wanton infliction of pain subjecting Plaintiff to cruel and unusual punishment in violation of the Eighth and Fourteenth Amendments.

## RELIEF SOUGHT

WHEREFORE, Plaintiff, Johnny Gaffney, respectfully prays this Honorable Court for entry of judgment awarding him the following relief:

A. A declaration that the acts and omissions of each and all Defendants described herein violated Plaintiff's Eighth Amendment protection from cruel and unusual punishment through the exercise of deliberate indifference.

B. A declaration that the deliberate acts and omissions of each and all Defendants described herein violated Plaintiff's Fourteenth Amendment right to due process of law through the exercise of deliberate indifference.

C. Compensatory damages in the amount of $200,000.00 against each Defendants, Warden Edelen, Asst. Warden Wood, Capt. Hill, Sgt. Harmon and Sgt. Grubbs in their individual and official capacity.

D. Punitive damages in the amount of $300,000.00 against each Defendants, Warden Edelen, Asst. Warden Wood, Capt. Hill, Sgt. Harmon and Sgt. Grubbs in their individual and official capacity.

E. Compensatory damages in the amount of 250,000.00 against Defendant secretary Jones in her official capacity.

F. Punitive damages in the amount of $500,000.00 against Secretary Jones in her official capacity.

G. Jury trial for all triable issues.

H. Recovery of all fees and costs of this action.

I. Any further relief this Court deems just, proper and equitable.

I hereby declare under the penalty of perjury that I have read the foregoing and the statements and facts are true and correct.

_1/27/19_
Date

_Johnny Gaffney_
Johnny Gaffney DC# 794686
Desoto Correctional Institution Annex
13617 S.E. Highway 70
Arcadia, Florida 34266

I declare under the penalty of perjury that this complaint was delivered to prison officials for mailing on 27 day of January, 2019.

_Johnny Gaffney_
Johnny Gaffney DC# 794686, pro se

16

Johnny Gaffney DC #794686
Desoto Correctional Institution Annex
13617 S.E. Highway 70
Arcadia, Florida 34266

MAILED FROM STATE CORRECTIONAL INSTITUTION

Clerk of Court
United States District Court
Norther District of Florida
111 N. Adams St., Ste. 322
Tallahassee, Florida 32301-7730

JAN 31 2019

INMATE INITIALS
OFFICER INITIALS

PROVIDED TO DESOTO
1-27-19 FOR MAILING
INMATE INITIALS
OFFICER INITIALS