IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

JOHN GAFFNEY,

    Plaintiff,

v.                                    CASE NO. 4:18cv506-RH-MAF

CHRISTOPHER EDELEN et al.,

    Defendants.

_____/

**ORDER GRANTING SUMMARY JUDGMENT**

    The plaintiff John Gaffney was cut by a fellow prisoner at Taylor Correctional Institution. He has sworn this happened after he asked correctional officers to protect him from gang members—indeed, on the very same day as one of the requests. According to Mr. Gaffney, the officers refused to help; they did nothing.

    Mr. Gaffney asserts a damages claim under 42 U.S.C. § 1983 against six defendants: three officers who he says failed to protect him, the warden, the assistant warden, and the Secretary of the Florida Department of Corrections.

Case No. 4:18cv506-RH-MAF

The defendants have moved for summary judgment. The motion is before the court on the magistrate judge's report and recommendation, ECF No. 66, the plaintiff's objections, ECF No. 69, and the plaintiff's affidavit in support of the objections, ECF No. 70. I have reviewed de novo the issues raised by the objections.

On a summary-judgment motion, disputes in the evidence must be resolved, and all reasonable inferences from the evidence must be drawn, in favor of the nonmoving party. The moving party must show that, when the facts are so viewed, the moving party "is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A summary-judgment motion cannot be used to resolve in the moving party's favor a "genuine dispute as to any material fact." Fed. R. Civ. P. 56(a).

A correctional official can be held individually liable under 42 U.S.C. § 1983 for failing to prevent serious harm to a prisoner at the hands of others, but only if the official is deliberately indifferent to the risk of such harm. *See, e.g.*, *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To be deliberately indifferent to a risk, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 836; *see also Goodman v. Kimbrough*, 718 F.3d 1325, 1332 (11th Cir. 2013).

The three officials who allegedly knew about Mr. Gaffney's request for protection—the defendants Hill, Harmon, and Grubbs—have sworn that it never happened. They say Mr. Gaffney did not ask, prior to the assault, for protection from gang members. On the summary-judgment motion, though, Mr. Gaffney's testimony on this must be accepted as true.

If writing on a clean slate, one could reasonably conclude that this case presents a jury question—that a jury could find these three officers were deliberately indifferent to the risk of a serious physical attack by gang members against Mr. Gaffney. But the slate is not clean. In *Marbury v. Warden*, 936 F.3d 1227 (11th Cir. 2019), a prisoner repeatedly asked to be transferred or placed in protective custody because of rampant gang violence in the facility. The prisoner said he had learned another inmate was out to do him harm. Prison officials did nothing, instead laughing and suggesting he get a shank. The prisoner was stabbed and filed an action asserting the officers were deliberately indifferent to the risk of an attack. Over a strong dissent, the Eleventh Circuit affirmed a summary judgment for the defendants, concluding a jury could not find, based on this evidence, that the officers were subjectively aware of a substantial risk of serious harm to the prisoner.

If the evidence in *Marbury* was insufficient to support the required finding, the evidence is insufficient here. If the *Marbury* dissent was not enough to carry

Case No. 4:18cv506-RH-MAF

the day there, it is not enough here. Based on *Marbury*, these defendants are entitled to summary judgment.

This order does not adopt an alternative ground for summary judgment for these defendants set out in the report and recommendation. Mr. Gaffney's sworn amended complaint and the affidavit he submitted in response to the summary-judgment motion do not explicitly refer to the risk of a *physical* assault. But a jury could reasonably infer that the officers understood a request for protection from gang members to mean protection from a physical assault. That there had been recent gang violence in the facility supports the inference. These defendants are not entitled to summary judgment on the ground that Mr. Gaffney did not explicitly refer to the risk of a physical assault.

There are, however, additional grounds for summary judgment on the claims against the other defendants in their individual capacities and on the official-capacity claims against all defendants. There is no evidence that the warden, assistant warden, or Secretary knew before the assault that Mr. Gaffney asked for protection, nor is there evidence sufficient to support a supervisory-liability claim against them. And as the report and recommendation correctly concludes, a damages award against the defendants in their official capacities is barred by the Eleventh Amendment.

For these reasons,

IT IS ORDERED:

1. The report and recommendation, ECF No. 66, is accepted.

2. The defendants' summary-judgment motion, ECF No. 60, is granted.

3. The clerk must enter judgment stating, "This action was resolved on a summary-judgment motion. It is ordered that the plaintiff John Gaffney recover nothing on his claims against the defendants. The claims against the defendants in their individual capacities are dismissed on the merits. The claims against the defendants in their official capacities are dismissed for lack of jurisdiction based on the Eleventh Amendment."

4. The clerk must close the file.

SO ORDERED on July 27, 2020.

>　　　　　　　　　　　　　s/Robert L. Hinkle
>　　　　　　　　　　　　　United States District Judge

Case No. 4:18cv506-RH-MAF